## CIRCUIT COURT FOR THE CITY OF SALEM

First National Bank
of Grayson et al.

v.

William R. Rakes,
Substitute Trustee, et al.

January 27, 1981

By JUDGE F. L. HOBACK

This matter is before the Court pursuant to a bill of complaint filed to set aside a trustee's sale to Francis J. Highberger on the grounds that the sale was not properly advertised, and the sale price was grossly inadequate. Answers were duly filed, in which the trustee denied the allegations of the bill of complaint insofar as it was contended the trustee's sale was not properly advertised and conducted and that the price obtained was not adequate.

A hearing was had before the Court on January 14, 1981, evidence of witnesses heard, and thereafter counsel for the complainants requested leave to file a response to the trial memorandum filed on behalf of the trustee, which response was duly filed on January 23, 1981. Counsel for the purchaser at the trustee's sale likewise filed, on January 20, 1981, a memorandum on behalf of the purchaser.

Upon consideration of the evidence and the authorities furnished in the various memoranda, the Court is of the opinion that the trustee's sale should not be disturbed. No evidence has been presented that the property was not properly advertised and sold pursuant to the terms of the deed of trust, except the contention that the street number of the property was not given in the advertisement. The Court adheres to the views set forth in the trial memorandum filed on behalf of the trustee in that the statute requiring such street address to be given

was enacted after the date of the deed of trust. Moreover the trustee's advertisement specifically referred to the plat book and page wherein the property being sold was shown on the map of the Salem Improvement Company. Not only that, the trustee's advertisement likewise stated that the property fronted 150 feet on the south side of 8th Street and 125 feet on the east side of Delaware Street. The property was, therefore, adequately described and advertised in accordance with the deed of trust. No allegations of fraud have been made, nor any evidence produced to show that the sale was not properly attended, and, as a matter of fact, the evidence disclosed that about fifteen other interested purchasers were present. The attorney for the property owner, Helen B. Neese, was on hand, and no efforts were made to restrict the bidding.

The sale in question was a trustee's sale, and not a judicial sale which had to be reported to the court and confirmed by the Court.

As stated in the case of *Musgrove* v. *Glasgow*, 212 Va. 852, page 854 (1972), and cited by counsel for the trustee and the purchaser:

> Here we have a sale which was conducted pursuant to the provisions of the deed of trust. It was regular in all respects. Musgrove's bid represented the entire amount of the debt, and he became the purchaser. No fraud was alleged or proved. There was no showing that the trustee breached any duty imposed upon him. In such circumstances, we hold the sale to be free from attack for inadequacy of price.

In the instant case, the holder of the debt secured by the first deed of trust, Colonial American National Bank, bid the amount of its debt, and thereafter an independent party, the purchaser Highberger, made the last and highest bid, and is entitled to receive a deed from the trustees.

With the memorandum filed on behalf of the complainants there is attached what is labeled "upset bid." As heretofore stated, the trustee's sale in question is not a judicial sale which must be confirmed by the Court, and, therefore, is not subject to an upset bid. The trustee's sale could only be set aside on the basis of improper advertising and foreclosure under the deed of trust,

and no fraud having been alleged or proved, and no evidence presented that the trustee breached any duty imposed upon him, the trustee's sale is not subject to attack for inadequacy of price.

The Court knows of no legal requirement upon the trustee to notify subsequent lienholders of the sale under the first deed of trust, other than the notices provided for in the deed of trust for publication in the newspaper, which appears to have been regularly and properly given.

Under all the circumstances, the Court adheres to the views set forth in the trial memorandum filed on behalf of the trustee, and in the memorandum filed on behalf of the purchaser at the trustee's sale.

An appropriate decree may, therefore, be prepared denying the prayers contained in the bill of complaint, and directing the trustee to execute and deliver to the purchaser at the trustee's sale a deed conveying the property in question upon compliance by the purchaser with the payment of the bid price at the trustee's sale.